HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHEYE LARSON, in his private capacity, his wife, and the marital community thereof,<br><br>Plaintiffs,<br>v.<br><br>ARGENT MORTGAGE COMPANY, FREMONT INVESTMENT AND LOAN, DEUTSCHE BANK NATIONAL TRUST CO., MORGAN STANLEY (ABS) CAPITAL (GROUP) INC., AMERIQUEST MORTGAGE CORPORATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, foreign corporation doing business in Washington State under the authority of state of Washington, and defendants designated "DOES 1 through 100" inclusive,<br><br>Defendants. | NO. C09-0040 JCC<br><br>DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 19, 2010** |

## I. MOTION & RELIEF REQUESTED

COME NOW defendants Mortgage Electronic Registration Systems ("MERS"), Deutsche Bank National Trust Co. ("Deutsche"), and Morgan Stanley (ABS) Capital (Group) Inc. ("Morgan") and move the Court pursuant to Federal Rule of Civil Procedure

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 1

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

56(c) for an Order of Summary Judgment dismissing with prejudice plaintiffs' complaint because no triable issue of material fact exists and defendants are entitled to judgment as a matter of law.

Plaintiffs' Complaint – drafted from internet offerings – indiscriminately and jointly asserts only conclusory allegations against multiple defendants regardless of each defendant's involvement in the marketing, origination, servicing, processing and foreclosure of plaintiffs' mortgage loan. Under the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), and Home Ownership Equity Protection Act ("HOEPA"), plaintiffs claim unspecified documentary notice violations. However, plaintiffs admit receiving most of the required notices, and their signatures on the remaining notices are conclusive proof of plaintiffs' receipt as to these defendants. Moreover, plaintiffs waived all of their underlying causes of action by failing to enjoin the trustee's sale. Further, each of plaintiffs' several claims does not apply to movants, cannot be proven and/or is barred by applicable limitations statutes. Accordingly, these moving defendants are entitled to summary judgment.

## II. STATEMENT OF FACTS

Cheye Larson's and his wife's (the "Larsons")[1] claims arise from their unfortunate inability to pay their residential mortgage, due to Mr. Larson's lack of health insurance and suffering from a health condition which led to loss of income. In October of 2006, Mr. Larson re-financed his home mortgage with a loan originator, Fremont Investment & Loan ("Fremont"). Four months later, effective February 28, 2007, movant Saxon

---

[1] Mr. Larson was not married when he refinanced his residential mortgage and his current spouse was not involved in the subject mortgage transaction. *Cottrell Dec.*, Exs. A and B. Nevertheless, the complaint is brought by Mr. Larson and "his wife."

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 2

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Mortgages Services, Inc. ("Saxon") took over the mortgage servicing from Fremont.[2] Mr. Larson was notified of that change by correspondence, and made subsequent mortgage payments to Saxon.

About one year later, plaintiffs fell behind on their mortgage payments due to income loss from Mr. Larson's poor health. Between March and October of 2008, Mr. Larson and Saxon had several communications concerning possible loss mitigation and loan modification. None of those efforts resulted in a work out of the loan, because Mr. Larson never completed and returned the financial package Saxon requested of him in order to respond to his loan modification request.

In the meantime, Mortgage Electronic Registrations Systems ("MERS") executed an Assignment of the Deed of Trust to Deutsche dated August 5, 2008, and recorded on August 13, 2008. Over two years after closing of plaintiffs' mortgage loan, on December 12, 2008, after due notice and statutory compliance, plaintiffs' property was sold in a nonjudicial foreclosure.

Plaintiffs waited until a mere two days before the trustee's sale, until December 10, 2008, to file this action in King County Superior Court. Although they made an attempt, the Larsons did not succeed in preventing the sale. Due to federal question jurisdiction, movants removed the case to this Court on January 12, 2009. Despite that – and without leave of any court – plaintiffs then filed an Amended Complaint in state court, adding 20 pages of claims and allegations. Although that impermissible filing was

---

[2] Notably, Saxon is *not* a named defendant. *Complaint* (Dkt. #1), Ex. A. Nevertheless, plaintiffs assert Saxon is an agent of the other defendants, and have expressed an intention to name it. *Complaint* (Dkt. #1), Ex. A, pars. 6 and 11; *Bollero Dec.*, Ex. T, p. 36, ll. 9-12.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 3

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

drawn to the Larsons attention nearly one year ago, they have not filed anything else in this action.[3]

With respect to movants, plaintiffs' *only* specific allegations in the operative Complaint follow:

- The Larsons do not know whether Saxon has any interest in their note and Deed of Trust (Complaint (Dkt. 1), Ex. A, par. 40);
- Nevertheless, Saxon had a duty to insure plaintiffs received proper pre-loan disclosures under the Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA") (*id.*, par. 43);
- Saxon and MERS neglected to provide requisite pre-loan disclosures under the Home Ownership Equity Protection Act ("HOEPA") (*id.*, pars. 48-49 and 54); and
- MERS must abide by plaintiffs' rescission demand under HOEPA (*id.*, par. 101).

Summary judgment is warranted because, as against movants:

- plaintiffs waived all their underlying claims by failing to enjoin the foreclosure sale;
- plaintiffs' signatures are conclusive proof of their receipt of compliant statutory notices;
- plaintiffs' claims are barred by the limitation statutes;
- plaintiffs' admitted facts do not support their claims; and

---

[3] *See* Answer, Defenses and Affirmative Defenses of Defendant Fremont Reorganizing Corporation (Dkt. 12), p.2, n.1.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 4

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

- plaintiffs' Complaint articulates no specific factual allegations supporting any viable causes of action.

## III. LEGAL ARGUMENTS

### A. Plaintiffs' Failure to Enjoin the Trustee's Sale Waives Their Objections and Bars Claims Arising from the Underlying Note, Deed of Trust and Servicing.

Filing a lawsuit challenging an underlying mortgage loan is insufficient to halt a trustee's sale under Washington's Deed of Trust Act, RCW 61.24.130. *Plein v. Lackey*, 149 Wn.2d 214, 228, 67 P.3d 1061 (2003). Instead, the challenger must obtain a preliminary injunction or temporary restraining order. *Id.* The statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985).

If a borrower has not successfully invoked presale remedies under the Deed of Trust Act, then his claims arising out of the underlying obligation secured by the foreclosed deed of trust are forever barred.[4] *Brown v. Household Realty Corp.*, 146 Wn.App. 157, 171, 189 P.3d 233; *In re Marriage of Kaseburg*, 126 Wn.App. 546, 558-59, 108 P.3d 1278 (2005); *Hallas v. Ameriquest Mtg. Co.*, 406 F.Supp.2d 1176, 1179-82 (D.Or. 2005) (interpreting Washington law). Excluded actions include those for fraud, breach of the contractual covenant of good faith and fair dealing, violation of Washington's Consumer Protection Act ("CPA"), TILA violations (*Brown, supra*, at 160), breach of fiduciary duty, intentional and negligent infliction of emotional distress, unconscionability (*Moon v. GMAC Mtg. Corp.*, 2009 WL 3185596 (W.D.Wa.)), and any other claims arising from the underlying obligation and/or transaction.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 5

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

Application of the waiver doctrine furthers the three goals of the Deed of Trust Act by ensuring the nonjudicial foreclosure process is efficient and inexpensive, allowing an adequate opportunity to prevent wrongful foreclosure, and promoting the stability of land titles. *Brown, supra,* at 159; *Plein, supra,* at 225. Despite recent changes in the Deed of Trust Act, the legislature did not amend the waiver doctrine; accordingly, it is controlling law. *Brown, supra,* at 170-71. Thus, a borrower must either *timely* "pursue presale remedies or *waive* their right to bring *any* claims relating to obligations secured by the foreclosed deed of trust." *Id.* at 171 (emphasis supplied).

Here, although the Larsons attempted to restrain the trustee's sale, they did not *timely* do so. Instead of the requisite five days before scheduled sale date required by the Deed of Trust Act (RCW 61.24.130; *Brown, supra,* at 163, n. 1), the Larsons waited until two days before the sale was consummated to file this suit – regardless, they did not succeed in convincing the state court judge to preliminarily enjoin or temporarily restrain the sale. Accordingly, under the waiver doctrine, their pursuit of underlying claims – including their TILA, HOEPA, RESPA, CPA, contract and tort claims arising from their mortgage loan origination and processing – are *barred.*

"Th[e] [trustee's] sale terminated the financial relationship between [the lender] and the [borrowers], leaving each free from any further claim by the other arising out of their loan transactions." *Id.* at 171. Summary judgment should be granted to these moving defendants.

---

[4] Recent amendments to the Deed of Trust Act do not apply, as they are not retroactive and the trustee's sale occurred several months before the amendments' effective date of July 26, 2009. *Moon, supra,* n. 4.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 6

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

**B. <u>As to Movants, Plaintiffs' Signatures on Required Notices are Conclusive Proof of Statutory Compliance</u>.**

Generally, a borrower's signature on TILA and HOEPA required notices creates only a rebuttable presumption that the notices were given.[5] However, in the case of an assignee such as Deutsche whose interest was acquired from the original creditor, a borrower's signature is *conclusive* proof that required notices were provided *and* statutorily compliant. TILA and HOEPA provide:

> [I]n any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, *written acknowledgement of receipt by a person to whom a statement is required to be given pursuant to this subchapter* ***shall be conclusive proof of the delivery thereof and … of compliance with this part.***

15 U.S.C. §1641(b) (emphasis supplied). The only exception is if the disclosure is obviously inadequate on its face.

> [A]ny civil action for a violation of this subchapter … which may be brought against a creditor *may be maintained against an assignee of such creditor* ***only if the violation*** *for which such action or proceeding is brought* ***is apparent on the face of such disclosure statement*** … .

15 U.S.C. §1641(a) (emphasis supplied).

Mr. Larson *admits* signing acknowledgements of his receipt of various statutorily-required disclosures.[6] It is apparent he signed other disclosures, too.[7] There are no TILA or

---

[5] "Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." 15 USC 1635(c).

[6] *Bollero Dec.*, Ex. T., pp. 62-65, 70 and exs. 5-8 thereto.

[7] *Cottrell Dec.*, par. 4, Exs. C – M.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 7

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

HOEPA violations apparent from the face of any of these disclosures. Accordingly, as to these moving parties, plaintiffs' signatures are *conclusive* proof that statutorily compliant disclosures were provided to the Larsons.

**C. <u>Plaintiffs' TILA Claims are Barred by Its One Year Limitation Statute</u>.**

TILA provides, "Any action under this section may be brought . . . *within one-year* of the occurrence of the violation." 15 U.S.C. §1640(e) (emphasis supplied); *Hubbard v. Fidelity Fed. Bank***,** 91 F.3d 75, 79 (9th Cir. 1996). In a like case the mortgage loan borrowers alleged similar TILA violations against their lender, including inaccurate disclosures and faulty rescission notices. The court held TILA's one year limitation period begins to run the date the loan is consummated. *In re Wepsic*, 231 B.R. 768, 775 (S.D.Cal. 1998). *See also*, *Stevens v. Rock Springs Nat'l. Bank*, 497 F.2d 307 (10th Cir. 1974); *Cooper v. First Gov't. Mtg. and Inv. Corp.*, 238 F.Supp.2d 50 (D.D.C. 2002).

Here if the loan originator Fremont failed to make – or inadequately made – TILA disclosures, then the Larsons had one year from the loan closing date to file their TILA claims. All the Fremont closing documents are dated October 7, 2006, as are the note and Deed of Trust.[8] The trust deed was recorded on October 17, 2006. Because the Larsons did not file this action until over two years later, on December 10, 2008, their TILA claims are barred by 15 U.S.C. §1640(e).

**D. <u>Plaintiffs' HOEPA Claims are Barred by Its One Year Limitation Statute</u>.**

HOEPA, 15 U.S.C. §1639, *et seq.*, protects homeowners from predatory lending practices targeted against consumers. It requires certain loan disclosures and prohibits

---

[8] *Cottrell Dec.*, Exs. A and B.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 8

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

certain mortgage terms. *Id.* Plaintiffs contend defendants, specifically including Saxon and MERS, committed various unspecified acts constituting HOEPA violations.[9]

Under 15 U.S.C. §1640(e), the TILA limitation period of one year after closing also applies to HOEPA violations. Accordingly, plaintiffs' HOEPA claims are barred by §1640(e).

**E. <u>Plaintiffs' RESPA Claims are Barred by Its One Year Limitation Statute</u>.**

RESPA, 12 U.S.C. §2601, *et seq.*, requires various disclosures at loan settlement to protect the consumer. Plaintiffs generically allege defendants did not provide required closing disclosures to them.[10] Similar to TILA and HOEPA, RESPA also has a one year statutory limitation period for disclosure failures. *Blue v. Fremont Investment & Loan*, 562 F.Supp.2d 33, 43-44 (D.D.C. 2008).

Section 2614 provides that a claim must be brought within one year of the RESPA violation. For the alleged RESPA violations, the statute begins to run on the loan closing date. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359-60 (5th Cir. 2003). Because the Larsons did not file their RESPA claims until over two years after their loan closing, those claims are time barred.

**F. <u>Plaintiffs Cannot State Claims Under the FDCPA and CPA</u>.**

Plaintiffs claim defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), and Washington's Consumer Protection Act, RCW ch. 19.86 ("CPA"), in two ways. First, they contend that defendants' ostensible "fail[ure] to provide plaintiffs with the required 30 day verification letter [as] a conditional *[sic]* precedent to the

---

[9] *Complaint* (Dkt. 1), Ex. A, pars. 46-55.

[10] *Id.*, pars. 56-59.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 9

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

collection of a consumer debt" entitles them to damages.[11] Second, they urge that defendants' attempted collection of "an illegal debt that originated through defendants' violations of State and Federal lending laws," itself violates the FDCPA and CPA.[12]

Plaintiffs' FDCPA and CPA claims fail due to the statutory exemption for creditors and servicers collecting their own debts. The FDCPA applies only to "debt collectors," not to creditors or mortgage servicers, as are movants here. 15 U.S.C. §1692a(6)(F); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985).

Since movants' debt collection activities were legal under the FDCPA, plaintiffs' claims cannot be bootstrapped into a CPA violation. A violation of debt collection regulations is a per se violation of the CPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53, 204 P.3d 885 (2009). But the CPA contains a "safe harbor" provision for any activity expressly permitted by a regulatory body. RCW 19.86.170. Accordingly, plaintiffs fail to state either an FDCPA or CPA claim, and summary judgment of dismissal should be granted.

**G. Plaintiffs' State Law Claims for Inadequate Default Notice Fail as Non-Prejudicial and Correctable.**

In one of their pendant state law claims, plaintiffs allege the Notice of Default they received "failed to meet statutory requirements and language enumerated and required under RCW [chapter] 61, *et seq.*, and was so procedurally flawed and without standing that plaintiffs did not receive legal notice of the alleged default as a matter of law and fact."[13] But plaintiffs' non-judicial foreclosure state law claims fail for three reasons.

---

[11] *Id.*, par. 95.

[12] *Id.*

[13] *Id.*, par. 61.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 10

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

First, the defective default notice allegations are impermissibly vague and conclusory. The Larsons do not state *how* the Notice of Default supposedly failed under Washington law. In fact, there are *no* apparent deficiencies in the notice.

Second, plaintiffs assert no prejudice from the allegedly deficient notice, nor did they stop the sale. These failures are fatal to the Larsons' default notice claims. A nonjudicial foreclosure sale need not be voided where default notice errors were "nonprejudicial and the debtor could have invoked judicial protection prior to the sale but failed to do so. … [P]rejudice [must] be established in order to void a sale where … the trustee's error was a technical, formal error, nonprejudicial, and correctable." *Koegel v. Prudential Mut. Svgs. Bank*, 51 Wn.App. 108, 113, 752 P.2d 385 (1988).

Third, the lack of standing allegation is similarly vague, conclusory and lacking in any foundation. It is undisputed that Fremont sold its loan and Deed of Trust to Deutsche as trustee for Morgan. That transaction is confirmed by MERS' Assignment of the Deed of Trust to Deutsche dated August 5, 2008, and recorded on August 13, 2008. It is also undisputed that Saxon has served as the subject loan servicer since February 28, 2007. Indeed, plaintiffs made payments to Saxon without question or contest for at least one year. Plaintiffs were clearly aware of their default, as Mr. Larson admitted in testimony and evidenced by their filing this action mere days before the trustee's sale.

The Larsons simply cannot prove their claims of noncompliance with RCW chapter 61 regarding the nonjudicial foreclosure.

**H. <u>Movants Owe No Fiduciary Duty to Plaintiffs</u>.**

A breach of fiduciary duty may impose tort liability. Restatement (Second) of Contracts § 193 (1981); *Tedvest Agrinomics VI v. Tedmon Prop. V*, 49 Wn.App. 605, 607, 744 P.2d 648 (1987). To prevail on a duty breach claim, plaintiffs must establish: (1) a

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 11

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

duty owed; (2) breach of that duty; (3) resulting injury; and (4) that the breach proximately caused them damages. *Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992). Whether a legal duty exists is a question of law. *Id.*

In Washington, the general rule is that a lender is *not* a fiduciary of its borrower. Only if a "special relationship" exists is the lender its borrower's fiduciary. *Miller v. U.S. Bank*, 72 Wn.App. 416, 426-427, 865 P.2d 536 (1994). "This confidential relationship requires proof that the borrower's relationship with the lender was such that the borrower could justifiably expect the lender to care for his or her welfare. Important considerations are the borrower's lack of business expertise, friendship between the parties, the lender's superior knowledge, and the lender's assumption of an adviser's role." *Wash. Comm'l. Law Deskbook*, Vol. IV, §37.2(3)(b). Simply placing trust in another is not sufficient to give rise to a fiduciary duty. *Micro Enhance v. Coopers & Lybrand*, 110 Wn.App. 412, 435, 40 P.3d 1200 (2002); *Resolution Trust Corp. v. KPMG Peat Marwick*, 844 F.Supp. 432, 436 (N.D.Ill. 1994) (placing trust and confidence in firm as independent advisor insufficient to create fiduciary duty).

Absent any showing of a special relationship here, plaintiffs' tort claims fails.

**I. <u>Movants Owed No Loan Origination Duties to Plaintiffs – They Cannot be Liable for any Torts Arising Therefrom</u>.**

The Larsons' constructive fraud, negligent misrepresentation, concealment and negligence claims are based on the transactions, disclosures and documentation taking place shortly before and during the Fremont loan closing.[14] That closing occurred nearly six

[14] Plaintiffs' Complaint (Dkt. 1, Ex. A) refers once to "false and misleading communications . . . *after* the closing," (par. 72 (emphasis supplied)), but other allegations clarify the representations were made *before* completion of that transaction (pars. 74-78 and 81-85). The purported concealment of – and failure to disclose – material facts to plaintiffs occurred "*during* the loan application processes *(sic)*" (par. 88 (emphasis supplied)), and were performed "to *induce* plaintiffs to sign the loans" (par. 92 (emphasis supplied)).

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 12

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

months before Saxon took over as loan servicer and a full year and one-half before Deutsche's, Morgan's and MERS' involvement with the loan. Plaintiffs plead these torts based on defendants' purported "duty to exercise reasonable care in processing the mortgage loan applications submitted by plaintiffs . . . which contained false information [and] duty to . . . provid[e] accurate information to plaintiffs' *[sic]* about the loan plaintiffs qualified for, [and] provid[e] accurate documentations *[sic]* to plaintiffs at closing."[15]

But these duties are owed plaintiffs by the loan originator, not by the later loan owner and/or servicer. Subsequent owners and servicers cannot owe such duties because they had no involvement in processing the Larsons' loan application, providing information to underwriting departments, and providing information or documentation to plaintiffs at closing.

If a plaintiff fails to establish that the defendant was involved in another entity's loan marketing or solicitation of the plaintiff, then he cannot establish that defendant's liability for deceptive or wrongful acts and practices. *White, supra*, at 1169. Consequently, plaintiffs' tort claims against these moving parties fail as a matter of law.

**J. <u>Plaintiffs are Barred from Recovering Economic Losses in a Tort Action</u>.**

The reasons plaintiffs have no viable tort claims are addressed above. Even if the Larsons could state tort claims, however, recovery is barred by the Economic Loss Rule. In *Alejandre v. Bull*, 159 Wn.2d 674, 153 P.3d 864 (2007), the Washington Supreme Court discussed the rule:

> The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief. It is a "device used to classify damages for which a remedy in tort or contract is deemed

---

[15] *Complaint* (Dkt. #1), Ex. A, par. 69. *Also see,* par. 70.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 13

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

> permissible, but are more properly remediable only in contract. . . . "[E]conomic loss describes those damages falling on the contract side of 'the line between tort and contract'."
>
> The rule "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract" because "tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."

*Id.* at 681-82 (citations omitted). *Alejandre v. Bull* involved the sale of real property and the seller's failure to disclose a defective septic system. Because the issue was within the parties' contract, the Economic Loss Rule prevented any recovery in tort. *Id.* at 677, 686. The court concluded:

> In short, the purpose of the economic loss rule is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses. If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims.

*Id.* at 683.

In this case, there are contracts between plaintiffs and certain defendants (the note and Deed of Trust) that were allegedly breached. Based on the authorities above, the Economic Loss Rule precludes recovery for economic losses arising from breach of fiduciary duty, negligence, fraudulent misrepresentation, negligent misrepresentation and concealment; accordingly, those claims must be dismissed.

**K.     Rescission is Not Available to Plaintiffs.**

The Larsons plead a separate cause of action titled "Inadequate Disclosure for Recession [sic],"[16] presumably in an effort to rescind their loan contract. Plaintiffs'

---

[16] *Complaint* (Dkt. #1), Ex. A, pars. 96-101 and pars. 107-111.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 14

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

rescission claim has the same basis in loan origination activities and echoes the same TILA, RESPA, HOEPA, CPA, UCC and common law contract claims previously addressed. For the same reasons that those claims fail, the rescission claim must also fail.

Should the Court choose to grant rescission, the status quo existing before the loan consummation should be restored. Without waiving any defenses, movants request the Court establish an equitable procedure for orderly rescission. Specifically, the loan proceeds should be escrowed. Once that occurs, the loan will be cancelled and the security interest released. Should the Larsons be unable to prove their ability to repay the loan proceeds as part of rescission, their rescission claim should be dismissed. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003).

**L. <u>No Contractual Breach is Alleged, Nor Can be Proven</u>.**

There is an implied duty of good faith and fair dealing imposed on contracting parties. *Betchard-Clayton, Inc. v. King*, 41 Wn.App. 887, 890, 707 P.2d 1361, *rev. den'd*, 104 Wn.2d 1027 (1985). A party's good faith duty relates only to performance of specific contract terms, and does not require the party to accept new obligations constituting a material contract change. *Miller v. U.S. Bank, N.A.*, 72 Wn.App. 416, 425, 865 P.2d 536 (1994). The good faith and fair dealing duty is limited to performing that contract's provisions. *Id*.

Accordingly, there is no breach when a party simply enforces its contractual rights, such as demanding payment or instituting foreclosure. Here, plaintiffs' Complaint mentions contractual breach, but no common law breach claims are specifically alleged; nor are such claims factually supported. All of plaintiffs' claims are federal statutory one, and none are viable here.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 15

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

**M. No Law Requires Production of the Original Note or Deed of Trust.**

Without citing any Washington or federal authority, plaintiffs imply a conspiracy to withhold the original note and Deed of Trust from them.[17] While no Washington court has addressed this supposed requirement, it has been widely rejected by other jurisdictions:

> Diessner does not cite, nor is the court aware of, any controlling authority providing that the cited UCC section applies in non-judicial foreclosure proceedings in Arizona. To the contrary, district courts "have routinely held that Plaintiffs' 'show me the note' argument lacks merit."
>
> Furthermore, Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings. … Because this action involves the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings, count one of plaintiffs' complaint fails to state a claim upon which relief may be granted.

*Diessner v. Mtg. Elec. Reg. Sys.*, 2009 WL 1457624, 2 (D.Ariz., 2009)(citations omitted).

No Washington authority requires that a lender or servicer produce the original note to the borrower for inspection, or before foreclosing on the mortgaged property. Accordingly, plaintiffs have no cause of action for production of the original note and Deed of Trust.

**N. Claims Supported Only by Mere Conclusory Allegations Must be Dismissed.**

To the extent any claims remain, the court may dismiss them if it appears beyond doubt that no set of facts can be proved entitling plaintiffs to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2

---

[17] *Id.*, par. 40.



BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

L.Ed.2d 80 (1957)). The plaintiffs must specifically plead factual allegations; vague and conclusory allegations fail to state a claim. *Colburn v. Upper Darby Twshp.*, 838 F.2d 663, 666 (3rd Cir. 1988). The plaintiffs' obligation to plead grounds for relief requires more than labels and conclusions – a formulaic recitation of the action's elements will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-63, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007).

Factual allegations must be enough to raise the plaintiffs' right to relief above the speculative level. *Id*. If a claim is based on the proper legal theory but does not sufficiently allege facts, the plaintiffs should be granted an opportunity to amend. *Keniston v. Roberts*, 717 F.2d at 1300. However, if the claim is not based on a proper legal theory, it should be dismissed. *Id*.

Here, the Larsons' complaint fails to state any claims because it is impermissibly vague and conclusory, not to mention confusing. Not only does the complaint simply parrot statutory elements, it neglects to inform which defendants took which actions, and how those elements ostensibly apply to any individual defendant's purported actions. In *Bell Atlantic*, the Supreme Court held that pleading a conspiracy requires, "enough factual matter to suggest that an agreement was made . . . . [A] naked assertion of conspiracy in a complaint . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line . . . ."

This same standard applies here, requiring that plaintiffs plead specific acts or representations made by these defendants that give rise to viable causes of action; otherwise, summary judgment should be granted.

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 17

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

## IV.  CONCLUSION

For the foregoing reasons, defendants Deutsche Bank National Trust Co., Morgan Stanley (ABS) Capital (Group) Inc., and Mortgage Electronic Registration Systems are entitled to summary judgment of dismissal of this action, with prejudice, against plaintiffs, Cheye Larson and his wife.

DATED this 27th day of January, 2010

                                              BISHOP, WHITE & MARSHALL, P.S.

                                              /s/David A. Weibel
                                              David A. Weibel, WSBA# 24031
                                              Barbara L. Bollero, WSBA# 28906
                                              Attorneys for Defendants Deutsche
                                              Bank National Trust Co., Morgan
                                              Stanley (ABS) Capital (Group) Inc., and
                                              Mortgage Electronic Registration Systems

DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS', DEUTSCHE BANK NATIONAL TRUST CO.'S, AND MORGAN STANLEY (ABS) CAPITAL (GROUP) INC.'S MOTION FOR SUMMARY JUDGMENT - 18

BISHOP, WHITE & MARSHALL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354