Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHEYE LARSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ARGENT MORTGAGE COMPANY,<br>AMERIQUEST MORTGAGE CORP., *et al.*,<br><br>        Defendants. | C09-0040-JCC<br><br>**ORDER** |

      This matter comes before the Court on the motion for summary judgment of Defendants Argent Mortgage Company and Ameriquest Mortgage Corporation. (Dkt. No. 26). The Court has considered Defendants' motion, Plaintiff's response (Dkt. No. 28), and Defendants' reply and surreply. (Dkt. Nos. 29 & 31, respectively). The Court has determined that oral argument is unnecessary, and hereby GRANTS Defendants' motion.

//

ORDER, C09-0040-JCC
Page 1

## I. BACKGROUND

This case deals with a mortgage-loan dispute. In February 2006, Plaintiff purchased a home at 4003 Second Avenue NE in Seattle, Washington, with approximately $300,000 in funds acquired from a mortgage loan from Defendant Argent Mortgage Company. The loan had a term of thirty years, with a fixed interest rate of 7.85 percent for the first two years and a variable interest rate thereafter.

Plaintiff signed various forms disclosing these terms, including a document titled *Final Payments, Fees, and Early Prepayment Charge*. The document reads in part: "The loan you are committing to is an adjustable-rate mortgage loan. The loan will last for a total of thirty years. The amount you are borrowing for [*sic*] is $303,200 with an initial interest rate of 7.85 percent." The document continues, in bold type: "After twenty-four months, the interest rate and your monthly payment may change. Thereafter, your rate and payments may change every six months but your interest rate will never go below 7.85 percent and will never go above 13.85 percent." Plaintiff signed the document on February 8, 2006. (Dkt. No. 27 at 19). The same day, Plaintiff also signed a document stating that the variable interest rate was to be calculated using the London Interbank Offered Rate, commonly called the LIBOR. (Dkt. No. 27 at 16–17). Finally, Plaintiff also signed a truth-in-lending disclosure statement, in which he acknowledged that the mortgage loan had a variable-rate feature, and in which he averred that he had received information about the variable rate. (Dkt. No. 27 at 20).

In October 2006, Plaintiff refinanced his home with another lender, Defendant Fremont Investment & Loan.[1] Using the funds he procured from Fremont Investment, Plaintiff paid off his mortgage loan with Argent in its entirety. In early 2007, Argent therefore reconveyed to Plaintiff the deed of trust it had held on his property. (Dkt. No. 27 at 28–31). Argent and Ameriquest were not involved in Plaintiff's refinance with Fremont Investment, other than to supply Plaintiff and Fremont Investment with information about the original 2006 loan. (*See* Def. Mot. 3 (Dkt. No. 26)).

---

[1] Fremont Investment & Loan does not join in this motion for summary judgment.

1   At some point thereafter,[2] Plaintiff fell into arrears on his mortgage, and in September 2008, he
2   wrote a letter to several corporate lenders, including Defendants Argent Mortgage Company and
3   Fremont Investment & Loan. In the letter, Plaintiff purported to rescind the mortgage loan on his
4   property, alleging that the companies had engaged in fraudulent lending practices. The letter states in
5   part: "UNDER STATE AND FEDERAL LAW, THE MORTGAGE IS NOW EXTINGUISHED AND
6   YOUR RIGHTS UNDER THE TRUSTEE DEED HAVE TERMINATED. I hereby rescind the above-
7   referenced loan and/or declare it to be null and void and demand treble damages for the face value of the
8   note[.]" (Letter (Dkt. No. 28-3 at 3–4) (capitalization in original)).

9   Plaintiff filed this lawsuit in December 2008, in King County Superior Court,[3] alleging
10  violations of state and federal consumer-protection laws, including the Truth in Lending Act, *codified at*
11  15 U.S.C. § 1631 *et seq*. Plaintiff's efforts were unavailing, and the King County Superior Court
12  foreclosed on his home on January 28, 2009.

13  **II.    SUMMARY JUDGMENT**

14  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file,
15  and any affidavits show that there is no genuine issue as to any material fact and that the movant is
16  entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A moving party satisfies its initial
17  burden by showing that there is no evidence which supports an element essential to the nonmovant's
18  claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A burden shift then occurs, and the
19  nonmoving party must point to evidence in the record tending to satisfy the essential element: "When a
20  motion for summary judgment is properly made and supported, an opposing party . . . must—by
21  affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."
22  FED. R. CIV. P. 56(e)(2). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the

---

[2] It is not clear from the record exactly when Plaintiff fell behind on his mortgage payments.

[3] Defendants Mortgage Electronic Registration Systems, Deutsche Bank National Trust Company, and Morgan Stanley Capital Group, Inc. removed the matter to this Court on January 9, 2009. (Notice of Removal (Dkt. No. 1)).

ORDER, C09-0040-JCC
Page 3

nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

## III.   DISCUSSION

In their motion for summary judgment, Defendants argue that they are entitled to judgment as a matter of law because Plaintiff cannot demonstrate that they proximately caused any of his alleged injuries. Defendants' argument is simple: Because Plaintiff refinanced his loan with Fremont Investment in 2006, and because Defendant therefore had no further dealings with Plaintiff, Defendants cannot be said to have caused the harm Plaintiff suffered. (*See* Def. Mot. 5–6 (Dkt. No. 26)). Plaintiff's response brief focuses on a single cause of action: the right to rescind his mortgage under the Truth in Lending Act. According to Plaintiff, the right to rescind survives the October 2006 refinance. Plaintiff grounds his argument in *Barrett v. JP Morgan Chase Bank*, in which the Sixth Circuit held that a refinance does not extinguish the right to rescind a mortgage under the Truth in Lending Act. *See Barrett*, 445 F.3d 874, 877–78 (6th Cir. 2006). In reply, Defendants argue that Plaintiff's reliance on *Barrett* is misplaced. Defendants point to *King v. State of California*, 784 F.2d 910 (9th Cir. 1986). In *King*, the Ninth Circuit rejected a plaintiff's argument that her right to rescind under the Truth in Lending Act had survived a refinance. As the Ninth Circuit stated, "The loan of March 1981 cannot be rescinded, because there is nothing to rescind. King refinanced that loan in November 1981, and the deed of trust underlying the March 1981 loan has been superseded." *Id.* at 913.

Defendants' argument carries the day. This Court, like other district courts in the Ninth Circuit that have confronted this situation, is bound by the precedent of the Ninth Circuit. *See Plaxcencia v. Lending First Mortgage*, No. C07-4485 (N.D. Cal. 2008) ("[A]lthough other circuits have . . . reached a different result than *King*, the Court is not free to disregard Ninth Circuit precedent." (internal citations and markings omitted)); *Monaco v. Bear Stearns Residential Mortgage Corp.*, No. C07-5607 (C.D. Cal. 2008) ("Plaintiffs urge the Court not to follow *King* because courts in other circuits have not followed

1  *King*. The Court is not at liberty to do so, as courts in this circuit are bound to follow the precedent of
2  the Ninth Circuit.").

3  Because *King* holds that a plaintiff's right to rescind a loan under the Truth in Lending Act is
4  extinguished as a matter of law after a refinance, summary judgment is appropriate in this case. Plaintiff
5  does not dispute that he refinanced with another lender in October 2006, and he does not argue that
6  Argent or Ameriquest proximately caused him any injuries other than those sounding in the Truth in
7  Lending Act. The Court therefore dismisses Plaintiff's claims against Defendants Argent Mortgage
8  Company and Ameriquest Mortgage Corporation with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS Defendants' motion for summary judgment, and DISMISSES Plaintiff's claims against Defendants Argent Mortgage Company and Ameriquest Mortgage Corporation with prejudice.

Plaintiff's claims against other defendants are unaffected by this order.

SO ORDERED this 2nd day of February, 2010.

_____
JOHN C. COUGHENOUR
United States District Judge