1

2

3

4

5

6

7

8

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CHEYE LARSON, in his private capacity, his
wife, and marital community thereof,

Plaintiff,

v.

ARGENT MORTGAGE COMPANY,
FREMONT INVESTMENT AND LOAN,
DEUTSCHE BANK NATIONAL TRUST CO.,
MORGAN STANLEY (ABS) CAPITAL
(GROUP) INC., AMERIQUEST MORTGAGE
CORPORATION, AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
foreign corporation doing business in
Washington State under the authority of state of
Washington, and defendants designated DOES
1 through 100 inclusive,

Defendants.

No. C09-0040 JCC

**FREMONT REORGANIZING
CORPORATION'S MOTION FOR
SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR:
FRIDAY, MARCH 5, 2010**

ORAL ARGUMENT REQUESTED

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT
Case No. C09-0040 JCC

51052239.1

# TABLE OF CONTENTS

*Page*

I.   INTRODUCTION AND RELIEF REQUESTED .................................................1

II.  UNDISPUTED FACTS ...........................................................................................2

III. STATEMENT OF ISSUE .......................................................................................3

IV.  EVIDENCE RELIED UPON ..................................................................................3

V.   ARGUMENT ...........................................................................................................3

    A.   The Summary Judgment Standard. ...............................................................3

    B.   Plaintiff Is Not Entitled To Relief Under The Home Ownership Equity
        Protection Act Or For Breach Of Contract.....................................................4

        1.   A Viable Claim For Breach Of Contract Requires More Than
            Conclusory Allegations. ....................................................................4

        2.   Plaintiff's HOEPA Cause Of Action Must Fail. ................................6

    C.   Plaintiff Disclosure-Based Claims Fail As A Matter Of Law. ......................8

        1.   Plaintiff's RESPA Cause of Action Must Fail...................................8

        2.   Plaintiff's CPA Claim Must Fail. ......................................................9

        3.   Plaintiff's Inadequate Disclosure Claim Must Fail And He Is Not
            Entitled To Rescission. .....................................................................10

        4.   Plaintiff's TILA Claims Must Fail. ..................................................13

    D.   The Undisputed Facts Demonstrate That None Of Plaintiff's Common
        Law Claims Against Fremont Can Be Established............................................14

        1.   Plaintiff's Common Law Disclosure Claims Are Preempted..................15

        2.   Plaintiff Cannot Prove The Necessary Elements Of His State Law
            Claims. ...............................................................................................16

        3.   The Economic Loss Rule Precludes Damages In Tort.............................18

    E.   Plaintiff's Concealment Cause of Action Must Fail. ...........................................19

    F.   Plaintiff's Failure To Restrain The Sale Waived Plaintiff's Claims....................20

    G.   Plaintiff's Constructive Fraud Cause Of Action Must Fail. ................................21

VI.  CONCLUSION .......................................................................................................23

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – i
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1

### I.    INTRODUCTION AND RELIEF REQUESTED

2    This case arises from Plaintiff Cheye Larson's inability to pay his mortgage, after he

3    suffered unanticipated medical expenses.

4    The Complaint is nothing more than a patchwork of various pleadings that can readily be

5    obtained on-line.  Declaration of Neil A. Dial ("Dial Decl."), Ex. A, 167:19-169:7 ("Everybody

6    is in the bandwagon with this.").  And Plaintiff's accusations against Fremont are not based on

7    Fremont's actions, but rather, on Plaintiff's belief that all financial industry professionals must

8    be guilty of wrongdoing.  Dial Decl., Ex. A, 80:16-81:22, 83:19-24, 99:20-100:5 ("I think that

9    Fremont and everybody in the last five – three years with mortgage business, they were all doing

10    the similar practices, which was – wasn't good for the consumer, which it wasn't good for me in

11    my personal experience."), 100:17-101:25 ("in the last three years, I told you – you know, with

12    this mortgage meltdown, with subprime mess, you know – I don't know that I can specifically

13    pinpoint individual  mortgage company and what they did, but I can – I can see – I can – I can

14    feel that all the – or just Fremont – and then somehow that Fremont's involved with other

15    entities, somehow that in coll – they're all in collusion …").  On the contrary, there is no

16    evidence, or even argument, that Fremont did anything wrong.

17    Plaintiff is not new to the world of financing.  He has obtained a number of financing

18    agreements on residential and investment properties over the years.  Dial Decl., Ex. A, 30:4-31:2,

19    26:7-8 (acquisition of apartment building), 29:8-10 (duplexes), 119:18-25.  In 2006, he decided

20    to refinance his existing mortgage with a loan being offered by Fremont Reorganizing

21    Corporation ("Fremont"), formerly known as Fremont Investment & Loan.  Plaintiff used the

22    new loan (the "Loan") to take about $35,000 in cash out of his existing equity.  Dial Decl., Ex.

23    A, 41:23-42:8.  At that time, his medical conditions were unknown.

24    Fremont later sold its interest in the Loan, after which Plaintiff's health problems began.

25    Eventually, Plaintiff stopped paying his mortgage altogether so that he could pay his medical

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 1
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1    bills.  Consequently, the owner of the loan – not Fremont – foreclosed, and this lawsuit was filed

2    a mere two days prior to foreclosure.

3          Pursuant to Federal Rule of Civil Procedure 56, Fremont moves this Court for an order of

4    summary judgment.  There is no genuine issue as to any material fact and Fremont is entitled to

5    judgment as a matter of law as to all of Plaintiff's claims because (1) Fremont provided Plaintiff

6    with all required disclosure documents before the Loan closed in October 2006 and (2) Fremont

7    sold its interest in the Loan after closing and, thereafter, had no interest in or involvement with

8    the Loan, its default, or the January 2009 foreclosure that is the subject of the Complaint.

9                        **II.        <u>UNDISPUTED FACTS</u>**

10          Plaintiff filed his Complaint in the Superior Court for King County on December 10,

11   2008.  The case was removed to this Court on January 12, 2009.

12          The Complaint alleges that Plaintiff defaulted on a home loan that ultimately went into

13   foreclosure, and that the default was proximately caused by the defendants' actions.  Complaint,

14   ¶¶ 112-114.  Plaintiff further requests rescission of the mortgage loan in default, voiding of the

15   "security interest" on the property in foreclosure, and various wide-ranging forms of relief.

16   Complaint, pp. 35-37.

17          The allegations of the Complaint relate to a loan that was obtained by Plaintiff in October

18   of 2006.  That Loan was intended to refinance Plaintiff's existing mortgage with Ameriquest

19   Mortgage Company and Argent Mortgage Company (collectively, "AMC"), which was secured

20   by the residence at 4003 2nd Avenue NE, Seattle, WA 98105 (the "Property").  Pursuant to the

21   Loan, the existing AMC mortgage was paid off and Plaintiff received approximately $35,000 in

22   cash.  *See* Dial Decl., Ex. A, 41:23-42:8, 83:8-11.  In fact, Plaintiff was exceedingly happy with

23   the terms he received and with Fremont as the lender.  *Id*. at 106:24-107:24 ("Fremont was

24   beautiful … the loan was perfect.").  Plaintiff cannot point to <u>a single</u> action taken by Fremont

25   that caused him any harm.  *Id*. at 80:16-81:22, 83:19-85:14.

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 2
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1   Four months later, effective February 28, 2007, Saxon Mortgage Services, Inc. ("Saxon")

2   took over the mortgage servicing from Fremont.   Plaintiff was notified of that change by

3   correspondence, and made subsequent payments to Saxon.

4   The following undisputed facts are dispositive with respect to dismissal of all claims

5   against Fremont: (1) Plaintiff received all required disclosures in a timely manner (Dial Decl.,

6   Ex. A, 59:8-12, 65:14-24, 83:12-15; Declaration of Irma Valdez ("Valdez Decl."), ¶¶ 5-10, Exhs.

7   1-5), (2) all of the terms of the Loan were clearly and accurately disclosed (Valdez Decl., Exhs.

8   1-5), and (3) Fremont properly disclosed the likelihood that it would transfer or sell the Loan

9   after closing (Dial Decl., Ex. A, 108:10-109:2; Valdez Decl., ¶ 9, Ex. 4).   After transferring the

10  Loan, Fremont had no involvement with Plaintiff or the new servicer and was in no way

11  involved with the later-defaulted loan or the foreclosure that occurred in 2009.   The 2009

12  foreclosure was not the result of any action taken by Fremont, but rather, resulted from

13  Plaintiff's inability to make his mortgage payments due to an unforeseen illness.  Dial Decl., Ex.

14  A, 87:20-89:1.

### III.   STATEMENT OF ISSUE

16  Fremont's Motion for Summary Judgment should be granted because there is no good

17  faith basis for Plaintiff's causes of action.

### IV.   EVIDENCE RELIED UPON

19  This motion is based on the files and records herein, the Declaration and supporting

20  exhibits of Neil A. Dial, and the Declaration and supporting Exhibits of Irma Valdez.

### V.   ARGUMENT

22  A.   **The Summary Judgment Standard.**

23  Summary judgment should be granted when "the pleadings, depositions, answers to

24  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

25  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

26  matter of law."  Fed. R. Civ. P. 56(c).

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 3
Case No. C09-0040 JCC

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). The moving party may meet its initial burden by simply pointing out to the court that there is an absence of evidence to support the nonmoving party's claims. *Id.* at 325 ("There is no express or implied requirement that the moving party support its motion with affidavits or other similar materials negating the opponent's claim."). "Once the moving party has carried that burden, it then shifts to the nonmoving party, who must present evidence that there is indeed a genuine issue for trial." *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citing *Celotex*, 477 U.S. at 323). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505 (1986).

Importantly, the court should not draw inferences that are based solely on "threadbare conclusory statements instead of significant probative evidence." *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802-03 (9th Cir. 2009) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680-81 (9th Cir. 1985)); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990) (the summary judgment standard "is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint.").

**B.      Plaintiff Is Not Entitled To Relief Under The Home Ownership Equity Protection Act Or For Breach Of Contract.**

Plaintiff first alleges violation of the Home Ownership Equity Protection Act ("HOEPA") and Breach of Contract. Fremont is entitled to summary judgment as to both claims.

**1.      A Viable Claim For Breach Of Contract Requires More Than Conclusory Allegations.**

Under federal pleading standards, established by Fed. R. Civ. P. 8, Plaintiff is required to allege facts showing a claim that is "plausible on its face," not merely "conceivable." *See Bell*

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 4
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007),

2   *overruling Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *see also*

3   *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("To survive a

4   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

5   claim to relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff

6   pleads factual content that allows the court to draw the reasonable inference that the defendant is

7   liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).

8   Although courts "must take all of the factual allegations in the complaint as true," a court is not

9   "bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. at 1949-50.

10  Here, the even stricter summary judgment standard applies and unsupported factual allegations

11  need not be construed in favor of the Plaintiff.  In fact, Fremont meets its initial burden <u>by</u>

12  <u>simply pointing out to the court that there is an absence of evidence</u> to support the nonmoving

13  party's claims.  *Celotex Corp.*, 477 U.S. at 325, emphasis added.

14          While Plaintiff lists "Breach of Contract" in the title of his First Cause of Action, he fails

15  to allege or attach a single contractual provision.  Nor does he make any specific allegations

16  concerning breach, i.e. duty, breach, and proximate cause.  Accordingly, there is not a single

17  factual allegation nor any evidence that would support a cause of action for breach of contract.

18  On the contrary, the undisputed evidence belies any claim for breach: Plaintiff admits that

19  Fremont performed under the agreement and that he received everything to which he was

20  entitled.  Dial Decl., Ex A, 106:24-107:24 ("Fremont was beautiful … the loan was perfect.");

21  59:8-12 ("I'm sure I have received everything that related with the loan."), 63:8-64:16 (received

22  notice of the right to cancel), 65:14-24 (received the disclosure statement); 83:12-15, 84:2-6

23  (admitting that he signed and received the required disclosures); Valdez Decl., Exhs. 1-5.

24          In light of the undisputed evidence that Fremont performed all of its contractual

25  obligations, there is no genuine issue of material fact and Fremont is entitled to summary

26  judgment with respect to Plaintiff's claim for breach of contract.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 5
Case No. C09-0040 JCC

2.    **Plaintiff's HOEPA Cause Of Action Must Fail.**

Plaintiff alleges unspecified violations of HOEPA.  This claim fails as a matter of law.  First, HOEPA violations are subject to a one year statute of limitation and Plaintiff's claim is time barred.  Second, Plaintiff is not entitled to the protections of HOEPA as a matter of law.

a.    *A HOEPA Claim Must Be Brought Within One Year.*

HOEPA is an amendment to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1639, which creates "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees."  *Lynch v. RKS Mortg. Inc.*, 588 F.Supp.2d 1254, 1260 (E.D. Cal. 2008) (quoting *In re Community Bank of Northern Va.*, 418 F.3d 277, 304 (3d Cir. 2005)).  But the Court need not even consider the merits of Plaintiff's HOEPA claim as it is untimely.

HOEPA provides that, "[a]ny action under this section may be brought in any … court of competent jurisdiction, within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  In a similar case, *Lynch v. RKS Mortg. Inc.*, a consumer brought an adversary action alleging, among other things, HOEPA violations consisting of the alleged failure to provide additional disclosures.  *Lynch*, 588 F.Supp.2d at 1260.  Granting defendant's motion to dismiss as to the HOEPA claims, the court calculated the statute of limitations from the date that the loan documents were signed.  *Lynch*, 588 F.Supp.2d at 1259-60.

Even assuming Fremont failed to make the disclosures required under HOEPA (it did not), Plaintiff was required to bring his claim within one year from the date the loan documents were signed.  The loan closed in October of 2006, while the Complaint was filed in December of 2008 – more than two years later.  Accordingly, any cause of action under HOEPA is barred by the statute of limitations and Fremont is entitled to summary judgment as a matter of law.

b.    *Plaintiff Is Not Entitled To The Protections Afforded By HOEPA.*

Plaintiffs claiming the protection of HOEPA must establish two factors.  Either the annual percentage rate of the loan at consummation must exceed by more than 10 percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 6
Case No. C09-0040 JCC

51052239.1

1   before closing has to exceed <u>the greater of</u> 8 percent of the total loan amount, or $400.00.   15

2   U.S.C. § 1602(aa)(1) & (3) (emphasis added); *see also* 12 C.F.R. § 226.32(a)(1).   In order to

3   prevail under HOEPA, a plaintiff must establish that it qualifies for protection in the first place.

4   *Lynch*, 588 F.Supp.2d at 1260.

5        In October of 2006, the applicable treasury bill rate was approximately 5.03%.   *See*

6   http://able.harvard.edu/rates/ca004q/.   Under the first prong of the HOEPA analysis, the annual

7   percentage rate on the Loan would have to exceed 15.03% – which was ten percent more than

8   the applicable yield on treasury securities.   The annual percentage rate of the Loan was 11.571%,

9   however, so Plaintiff is not entitled to HOEPA on that basis.   *See* Valdez Decl., Ex. 5.

10        The loan documents further establish that Plaintiff cannot qualify under the second prong

11   of the HOEPA analysis – which would require the total points and fees paid by Plaintiff at or

12   before closing to exceed 8 percent of the total loan amount.   In *Lynch*, the court looked at two

13   factors, the total loan amount (or amount financed) and the principle on the Note, to determine

14   whether HOEPA would apply.   Performing an identical analysis here, Plaintiff simply does not

15   qualify.   Specifically, the Settlement Statement shows a total payoff to AMC in the amount of

16   $314,830.11, and a total refund to Plaintiff in the amount of $34,573.34.   Valdez Decl., Ex. 6.

17   Thus, even assuming that the total amount financed was $349,403.45,[1] the difference between

18   that amount and the $367,500.00 principal on the Note is $18,096.55.   Dividing the total loan

19   amount of $349,403.45 by the $18,096.55 (which presumably represents fees and points) yields a

20   percentage calculation of 5.2 percent, which is less than the eight percent needed to qualify for

21   the additional protections of HOEPA.   Accordingly, Plaintiff is not entitled to bring a claim

22   under HOEPA, as a matter of law, and Fremont is entitled to summary judgment as to Plaintiff's

23   first cause of action.

24   _____

25   [1] In order to present the calculation most favorable to Plaintiff, Fremont is using only the amount paid to AMC and directly to Plaintiff to determine a total amount financed.   In fact, and as disclosed on the final TIL, the total amount financed was actually $354,235.14, which results in

26   the even lower percentage calculation of 3.7 percent.   Valdez Decl., Ex. 5.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 7
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    **C.    Plaintiff Disclosure-Based Claims Fail As A Matter Of Law.**

2    Plaintiff's second, ninth, and tenth causes of action allege violations of the Real Estate

3    Settlement Procedures Act ("RESPA") and Consumer Protection Act ("CPA"), inadequate

4    disclosure, and TILA violations, respectively.   These causes of action are both procedurally and

5    substantively defective.

6    **1.    Plaintiff's RESPA Cause of Action Must Fail.**

7    Plaintiff's second cause of action alleges unspecified RESPA violations.   This cause of

8    action must fail because two of plaintiff's potential claims are time barred and the undisputed

9    evidence establishes that Fremont cannot be liable under the third.

10    *a.    Two of the RESPA Claims Must Be Brought Within One Year.*

11    A private right of action exists as to only three sections of RESPA – 12 U.S.C. §§ 2605,

12    2607, and 2608.   *See* 12 U.S.C. § 2614; *see also Sanborn v. American Lending Network*, 506 F.

13    Supp. 2d 917, 923 (D. Utah 2007) (no private right of action for violation of 12 U.S.C. § 2603).

14    With respect to 12 U.S.C. §§ 2607 and 2608, however, a one year statute of limitations applies.

15    12 U.S.C. § 2614.   Thus, even assuming Fremont failed to make the disclosures required under

16    12 U.S.C. §§ 2607 and/or 2608, Plaintiff was required to bring his claims within one year from

17    the date the loan documents were signed.   The loan, however, closed in October of 2006, while

18    the Complaint was filed in December of 2008 – more than two years later.   Accordingly, any

19    claims under 12 U.S.C. §§ 2607 and/or 2608 are barred by the statute of limitations and Fremont

20    is entitled to summary judgment as a matter of law.

21    *b.    Plaintiff Is Not Entitled To The Protections Afforded By RESPA.*

22    12 U.S.C. § 2605 is the only section of RESPA for which a private right of action for

23    damages exists and that is not time-barred.   But a private right of action under 12 U.S.C. § 2605

24    "is limited to a lender's obligation to notify a borrower if there is any possibility that a loan may

25    be assigned, sold, or transferred, and the lender's obligation to pay any taxes or insurance if

26    funds have been placed in escrow with the lender for that purpose."   *Sanborn*, 506 F. Supp. 2d at

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 8
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1   923.  While Plaintiff's Complaint is unclear, there is no evidence that Fremont failed to provide

2   notice with respect to the possibility that it would assign, sell, or transfer the Loan.  On the

3   contrary, it is undisputed that Fremont provided the Disclosure Statement to Plaintiff and that the

4   Disclosure Statement indicated a seventy-six to one hundred percent likelihood that the Loan

5   would be assigned, sold, or transferred within the twelve month period after funding.  Dial Decl.,

6   Ex. A, 65:14-66:24, 108:10-109:2; Valdez Decl., ¶ 9, Ex. 4.

7       Because the undisputed facts establish that Fremont provided the notification required

8   under 12 U.S.C. § 2605, there is no genuine issue of material fact and Fremont is entitled to

9   summary judgment as to that portion of Plaintiff's second cause of action that alleges RESPA

10  violations.

11          **2.      Plaintiff's CPA Claim Must Fail.**

12      Plaintiff identifies a possible claim under Washington's Consumer Protection Act, 19.86

13  RCW, in the title of his second cause of action, though the Complaint is devoid of any

14  supporting allegations.

15      The elements necessary to establish a CPA violation are (1) an unfair or deceptive act or

16  practice, (2) in trade or commerce, (3) which affects the public interest, (4) injury to the plaintiff,

17  and (5) a causal link between the unfair or deceptive act and the injury.  *Hangman Ridge*

18  *Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash. 2d 778, 780, 784-785, 719 P.2d 531

19  (1986); *Quinn v. Cherry Lane Auto Plaza, Inc.,* --- Wn. App. ---, --- P.3d ----, 2009 WL 4912707

20  (Dec. 22, 2009) ("In the absence of a proven deceptive act in violation of the chapter, elements

21  one and three of the Hangman Ridge test are not satisfied.").  The absence of allegations and

22  evidence in support of any of the above elements is fatal to Plaintiff's cause of action.

23      Plaintiff did not allege, and there is no evidence to support, any unfair or deceptive act or

24  practice committed by Fremont.  Quite the opposite.  Plaintiff admits that Fremont did nothing

25  wrong.  Dial Decl., Ex. A, 106:24-107:24 ("Fremont was beautiful … the loan was perfect."),

26  109:6-111:9 ("I never had a problem with Fremont.").  Indeed, Plaintiff points to only one action

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 9
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1    by Fremont that he disagreed with – the sale of the Loan.  Dial Decl., Ex. A, 85:13-20.  But

2    Fremont provided the necessary disclosures and, accordingly, was <u>entitled</u> to sell the loan.  Dial

3    Decl., Ex. A, 65:5-24, 108:10-109:2; Valdez Decl., ¶9, Ex. 4.  Moreover, Fremont was not

4    involved in Plaintiff's later default or the resulting foreclosure.  Dial Decl., Ex. A, 87:20-89:1

5    (Plaintiff failed to pay for six to seven months due to his own health issues), 110:4-6 (Fremont

6    had no interest in the Loan after the Loan was sold).  Finally, as discussed later in this brief,

7    Plaintiff's state CPA claim is preempted.  Accordingly, because Plaintiff cannot establish a CPA

8    claim as a matter of law, there are no genuine issues of material fact and Fremont is entitled to

9    summary judgment as to Plaintiff's second cause of action alleging CPA violations.

     **3.**     **Plaintiff's Inadequate Disclosure Claim Must Fail And He Is Not Entitled To Rescission.**

     Plaintiff's ninth and eleventh[2] causes of action vaguely allege "inadequate disclosure"

12   and request rescission.  Both of these claims must fail as a matter of law.

     *a.*     <u>*Fremont Provided The Proper Disclosures.*</u>

     As an initial matter, "inadequate disclosure" does not constitute its own cause of action

15   and all of the relief sought therein is subsumed by Plaintiff's other causes of action, i.e. causes of

16   action based on disclosure-related statutes, breach of contract, and rescission.  But even

17   assuming this is a proper cause of action, the evidence requires summary dismissal of such

18   claims.

     Plaintiff alleges that the "GFE failed to timely provide plaintiffs with full disclosure

20   regarding the nature and the cost of the loan in violation of RESPA."  Complaint, ¶ 98.  On the

21   contrary, lenders like Fremont do not have the same GFE obligations as do brokers.  *See Shields*

22   *v. Morgan Financial, Inc.*, 130 Wash. App. 750, 757, 125 P.3d 164, 168 (2005) ("A lender's

23   obligation to ascertain the broker's delivery of the good faith estimate arises only when the

---

[2] Plaintiff's Eleventh Cause of Action, for Rescission, is mislabeled in the Complaint as the Ninth Cause of Action.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 10
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1    lender decides to rely on the broker's good faith estimate rather than mailing its own

2    disclosure."). In *Shields*, the lender satisfied its RESPA requirements by mailing its own

3    disclosure forms. *Id.*

4        Here, Plaintiff not only admits that he received the required good faith estimates from his

5    broker during the period of time that the loan application was taken (Dial Decl., Ex. A, 52:8-15),

6    but Fremont fulfilled its own obligations by mailing a separate GFE in the disclosure package

7    (Valdez Decl., ¶5, Ex. 1, FRE000334-335).

8        *b.*    <u>*Plaintiff Is Not Entitled To Rescind The Loan.*</u>

9        Plaintiff also alleges a right to rescind. This cause of action must fail for four reasons: (1)

10   Plaintiff is not entitled to any relief under HOEPA, (2) Fremont is not the current lender, (3)

11   Plaintiff received proper notice and failed to rescind in a timely manner, and (4) even assuming

12   Plaintiff had not received the proper notice, he cannot meet the requirements of rescission as a

13   matter of law.

14       To the extent Plaintiff purports to base rescission upon a supposed HOEPA violation, and

15   for all of the reasons set forth above, he is not entitled to the protections of HOEPA and any

16   claims under HOEPA are time barred. Moreover, the requested relief of rescission cannot be

17   granted as against Fremont, as it no longer holds the beneficial interests afforded by the note.

18       In order to rescind against the assignee after the three day right to cancel has expired,

19   Plaintiff must show that notice of the right to rescind was not provided. *See* 15 U.S.C. § 1635

20   (allows rescission "until midnight of the third business day following the consummation of the

21   transaction or the delivery of the information and rescission forms required under this section

22   together with a statement containing the material disclosures required under this subchapter,

23   whichever is later."). Here, it is undisputed that Plaintiff received notice of the right to cancel no

24   later than October 7, 2006. Dial Decl., Ex. A, 63:8-64:16; Valdez Decl., ¶ 8, Ex. 3. And the

25   Loan closed in October of 2006. Accordingly, more than three days has passed following both

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 11
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   consummation of the transaction and delivery of the required disclosures and Plaintiff is no

2   longer entitled to rescission as a matter of law.

3       But even assuming that the proper notice had not been provided, Plaintiff is not entitled

4   to rescission because he is unable to repay the approximately $35,000 he received in cash from

5   the transaction, much less the money paid to AMC.   Rescission pursuant to TILA is

6   accomplished by dissolving the security interest, return of borrower payments by the lender, and

7   return of the loan proceeds by the borrower, less finance and other charges.  *Semar v. Platte*

8   *Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 702 (9th Cir. 1986); *see also* 15 U.S.C. §

9   1635(b).   Where, as here, "the borrower cannot comply with the borrower's rescission

10  obligations no matter what" dismissal is warranted.  *Yamamoto v. Bank of New York*, 329 F.3d

11  1167, 1173 (9th Cir. 2003) (upholding district court's dismissal of rescission claim where "it is

12  clear from the evidence that the borrower lacks capacity to pay back what she has received.");

13  *see also LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) (district court erred in failing

14  to condition rescission "on the tender of the net amounts advanced by the [defendants]."). Here,

15  Plaintiff's obligations after rescission would, at the very least, be comprised of the amounts paid

16  to AMC as well as what he received in cash, which totals $349,403.45.  *See* Valdez Decl., Ex. 6.

17  But Plaintiff admits that he has already spent the cash he received from the Loan, and it is also

18  clear from the evidence that his subsequent illness has left him without adequate financial

19  resources to be able to comply with his obligations.  So he would not qualify for rescission.

20  Because Plaintiff would not be able to fulfill his post-rescission obligations, his claim for

21  rescission fails as a matter of law.

22      For all of the above reasons, there are no genuine issues of material fact and Fremont is

23  entitled to summary judgment with respect to Plaintiff's ninth and eleventh causes of action.

24

25

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 12
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51052239.1

1    **4.    Plaintiff's TILA Claims Must Fail.**

2    Plaintiff alleges unspecified TILA violations, which fail as a matter of law.  First, TILA

3    is subject to a one year statute of limitation, and so Plaintiff's claim is time barred.  Second, the

4    undisputed facts establish that Fremont did not violate any of TILA's provisions.

5    *a.    A TILA Claim Must Be Brought Within One Year.*

6    The Court need not even consider the merits of Plaintiff's TILA claim as it is untimely.

7    TILA provides that, "[a]ny action under this section may be brought in any … court of

8    competent jurisdiction, within one year from the date of the occurrence of the violation."  15

9    U.S.C. § 1640(e).  In *Lynch v. RKS Mortg. Inc.*, a consumer brought and adversary action

10   alleging TILA violations consisting of the alleged failure to provide consistent loan disclosures

11   and for failing to rescind their loan upon demand. *Lynch*, 588 F. Supp. 2d at 1257 (granting

12   motion to dismiss TILA claims); *see also In re Wepsic*, 231 B.R. 768, 775 (S.D. Cal. 1998).  The

13   court held that the statute of limitation for these violations began to run from the date on which

14   "the loan documents were signed."   *Lynch*, 588 F. Supp. 2d at 1259 (quoting *Meyer v.*

15   *Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003)).

16   Thus, even assuming that Fremont failed to make certain disclosures required by TILA –

17   though it did not – Plaintiff had one year from the date of consummation of the loan to bring a

18   claim for damages.  Because the loan closed in October of 2006, but the Complaint was not filed

19   until December of 2008, Plaintiff failed to bring his claim within one year and any TILA

20   statutory damages are barred by the statute of limitations.   As such, Fremont is entitled to

21   summary judgment.

22   *b.    Fremont Did Not Violate TILA.*

23   Even if the TILA claim was not barred by the 1-year statute of limitation (it plainly is

24   time-barred), Plaintiff cannot prove a TILA violation on the merits.  Congress created TILA to

25   "assure a meaningful disclosure of credit terms so that the consumer will be able to compare

26   more readily the various credit terms available to him and avoid the uninformed use of credit,

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 13
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

1    and to protect the consumer against inaccurate and unfair credit billing and credit card practices."

2    *See e.g. Hauk v. J.P. Morgan Chase Bank USA*, 552 F.3d 114, 118 (9th Cir. 2009) (quoting 15

3    U.S.C. § 1601); *Lynch*, 588 F. Supp. 2d at 1257. TILA focuses on disclosure and does not serve

4    as an umbrella statute for consumer protection in real estate transactions." *Hauk*, 552 F.3d at

5    1120. Disclosures that are accurate with respect to the offered terms do not violate TILA.

6            The only allegations contained in the Complaint regarding Plaintiff's tenth cause of

7    action is the incorrect assertion that the disclosure statement failed to disclose the following:

8
9                    (a) The annual percentage rate to be charged for the loan, (b) The
                     finance charges for the loan; (c) The amount financed; (d) The
10                   total payments; and (e) The payment schedule (f) The increase in
                     principle balance that would occur. (g) The fact the re-financing
11                   penalties were severe and designed to stop any reasonable re-
                     financing and the re-financing was an illusion.

12   Complaint at ¶ 103 (a)-(g). But these allegations are conclusively disproved by the disclosures

13   themselves, which set forth all of the requisite information in clear and concise terms. Valdez

14   Decl., Exhs. 1-5. Specifically, the disclosures set forth the annual percentage rate, finance

15   charge, amount financed, total of payments, payment schedule, including the increase in the

16   amount of payments that would likely occur (though such increase is subject to variable rates, as

17   also disclosed), and the prepayment penalties that would occur in the event of prepayment. *Id*.

18   Accordingly, there are no genuine issues of material fact and Fremont is entitled to summary

19   judgment.

20
21   **D.    The Undisputed Facts Demonstrate That None Of Plaintiff's State Law Claims
            Against Fremont Can Be Established.**

22           Plaintiff's fourth, sixth, and eighth causes of action are for negligence, negligent

23   misrepresentation, and gross negligence, respectively. Plaintiff asks this Court to stretch

24   application of these state law causes of action in order to hold Fremont liable despite the fact that

25   Fremont fulfilled all of its duties and obligations, and even though it had nothing to do with

26   Plaintiff's default or the resulting foreclosure.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 14
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    But Fremont cannot be liable under any of these state common law claims because (1) all

2 of Plaintiff's state law claims are preempted, (2) Plaintiff cannot prove the necessary elements of

3 his state law claims, and (4) tort damages are precluded by the economic loss doctrine.

4    **1.    All Of Plaintiff's State Law Disclosure Claims Are Preempted.**

5    In addition to alleging causes of action under TILA and RESPA, Plaintiff has advanced a

6 number of common law causes of action for supposed fraud and misrepresentation.  However,

7 these state law claims, including his state CPA claim discussed above, are based on nothing more

8 than the same federal disclosures that give rise to possible RESPA and/or TILA claims.

9 Plaintiff's assertion of state claims, based on the same disclosure related allegations, constitute

10 an improper attempt to circumvent the shorter statutes of limitations provided for under TILA

11 and RESPA.  TILA and certain claims under RESPA, for example, have a one year statute of

12 limitations, while Plaintiff's parallel state law claims have longer periods.  *See e.g.* RCW

13 4.16.080 (three years for fraud and negligent misrepresentation); RCW 19.86.120 (four years for

14 state CPA claim).  Plaintiff cannot – through the guise of state common law claims – do an end

15 run around federal statutes of limitations.

16    On the contrary, both RESPA and TILA preempt inconsistent state laws.  12 U.S.C. §

17 2616 (RESPA); 15 U.S.C. § 1610(a)(1) (TILA).  Plaintiff's state law claims are inconsistent with

18 federal law because they are premised on the same allegations regarding certain disclosures

19 required under TILA and RESPA and seek to extend the limitation period beyond that allowed

20 under federal law.  Therefore, Plaintiff's state law claims fail, as a matter of law, because they

21 are preempted.  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 n. 3 (9th Cir. 2008)

22 ("Appellants seek to take advantage of the longer statute of limitations under UCL to remedy

23 TILA violations, because without the extended limitations period their claims would be barred.

24 An attempt by Appellants to go outside the congressionally enacted limitation period of TILA is

25 an attempt to enforce a state regulation in an area expressly preempted by federal law.").

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 15
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1

2.     **Plaintiff Cannot Prove The Necessary Elements Of His Common Law Claims.**

But even assuming Plaintiff's state law claims are not preempted, he cannot prove that Fremont breached any duty or the existence of proximate cause, both of which are necessary elements to his state law claims.

a.     *Fremont Did Not Breach Any Duty To Plaintiff.*

Plaintiff cannot prove the breach of any duty by Fremont as a matter of law.

First, under Washington law, duties to disclose exist under certain circumstances. *See e.g. Sing v. John L. Scott, Inc.,* 134 Wash.2d 24, 948 P.2d 816 (1997) (fiduciary duty of real estate agents creates a common law duty to disclose self-interest in transactions); *Obde v. Schlemeyer*, 56 Wash.2d 449, 452, 353 P.2d 672, 674 (1960) (seller of property has a duty to disclose known and dangerous defects that would not be revealed upon careful examination by the buyer).  Here, however, Plaintiff makes no colorable allegations regarding a common law duty imposed on lenders with respect to loan disclosures, and Fremont is unaware of any such duty other than what is mandated by disclosure statutes like RESPA and TILA.

Even assuming that the common law imposes a duty on lenders to disclose loan information, there is no evidence here that Fremont failed to disclose any information with respect to Plaintiff's Loan.  On the contrary, Plaintiff admits that he received all of the required disclosures and nothing in those disclosures is false or misleading.  Dial Decl., Ex. A, 59:8-12, 65:14-24, 83:12-15; Valdez Decl., Exhs. 1-5.  In fact, the Complaint is nothing more than a patchwork of pleadings obtained on the internet that are not applicable here.  For example, when asked to explain the basis for his allegation that he "didn't get a truth in lending disclosure when [he] signed [the] loan documents," Plaintiff responded that,

> When I signed the document, the true meaning behind the note, the
> truth in lending, there was a – nothing about mentioning that my
> note's going to be pulled into the service agreement – pooling
> service agreement; that I would know who my true lender and/or
> who I'm dealing with on the loan.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 16
Case No. C09-0040 JCC

1    Dial Decl., Ex. A, 163:8-16.  In other words, Plaintiff does not attack the correctness of the

2    disclosures but instead apparently believes that TILA obligated Fremont to disclose the actual

3    identity of a future assignee.  But there would have been no way for Fremont to know who may

4    ultimately purchase a given loan, and regardless, neither the common law nor TILA imposes any

5    such duty of disclosure on a lender.  Instead, Fremont provided all of the information it was

6    required to disclose, and Plaintiff's testimony highlights the fact that Plaintiff's claims are not

7    based on any cognizable breach of duty.

8                        b.      *Plaintiff Cannot Establish Proximate Cause.*

9            In order for Plaintiff to establish that Fremont's acts or omissions were the proximate

10   cause of his default and the subsequent foreclosure, he must establish that Fremont's conduct

11   caused – "in a direct sequence, unbroken by any independent cause" – the injury alleged.  *See*

12   *Alger v. City of Mukilteo*, 107 Wn.2d 541, 545-546, 730 P.2d 1333, 1336 (1987) (citing *Hartley*

13   *v. State,* 103 Wash.2d 768, 777, 698 P.2d 77 (1985); *King v. Seattle,* 84 Wash.2d 239, 249, 525

14   P.2d 228 (1974); and WPI 15.01).  There are "two elements to proximate cause: Cause in fact

15   and legal causation."  *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985).  Cause in fact

16   can be established by proving that but for the breach of duty, the injury would not have occurred.

17   *Harbeson v. Parke-Davis, Inc.,* 98 Wn.2d 460, 476, 656 P.2d 483 (1983).  Legal causation

18   "involves a determination of whether liability should attach as a matter of law given the

19   existence of cause in fact."  *Hartley v. State*, 103 Wn.2d at 779.

20           Fremont, however, fulfilled its duties and obligations by providing all required

21   disclosures to the Plaintiff.  Dial Decl., Ex. A, 59:8-12 (Plaintiff received "everything that related

22   with the loan."), 63:8-64:16 (Plaintiff received the Notice of Right to Cancel), 65:14-24 (Plaintiff

23   received the Disclosure Statement), 83:12-15, 84:2-6 (admitting that he signed and received the

24   required disclosures); Valdez Decl., ¶¶ 5-10, Exhs. 1-5.  It is also undisputed that Fremont

25   disclosed its intention to sell the Loan and that it had the right to do so.  Dial Decl., Ex. A, 65:14-

26   24, 108:10-109:2.  In fact, none of Plaintiff's allegations have anything to do with Fremont or its

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 17
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1    actions taken in connection with the Loan. *Id.* at 106:24-107:24 ("Fremont was beautiful … the

2    loan was perfect."), 109:6-111:9 ("I never had a problem with Fremont."), 87:20-89:1 (Plaintiff's

3    failure to pay for six to seven months before foreclosure was due to his own health issues).  And

4    when asked what he thought Fremont did wrong, the Plaintiff was unable to point to any actual

5    act or omission by Fremont that resulted in his harm. *Id.* at 80:16-81:22, 83:19-24.  At best,

6    Plaintiff alleges harm that occurred <u>after</u> the transfer, <u>after</u> Fremont no longer had an interest in

7    the Loan, and <u>after</u> he defaulted on his loan obligations.  Thus, there is no unbroken chain

8    between Fremont's actions and the ultimate default and foreclosure – no "but for" – as a matter

9    of law.

10        **3.    The Economic Loss Rule Precludes Damages In Tort.**

11        Even assuming that Plaintiff can establish breach of a duty and proximate cause – though

12    he cannot – Washington's economic loss rule precludes "recovery for alleged breach of tort

13    duties where a contractual relationship exists and the losses are economic losses." *Alejandre v.*

14    *Bull*, 159 Wn.2d 674, 683, 153 P.3d 864, 868 (2007) (the economic loss rule bars recovery under

15    negligence and negligent misrepresentation causes of action); *Berschauer/Phillips Const. Co. v.*

16    *Seattle School Dist. No. 1*, 124 Wash.2d 816, 826, 881 P.2d 986, 992 (1994) ("We hold parties to

17    their contracts.").  The only exception is where the harm includes either personal injuries or

18    property damage.  *Alejandre*, 159 Wn.2d at 683, 153 P.3d 864; *see also Jackowski v. Borchelt*,

19    151 Wash. App. 1, 13, 209 P.3d 514, 520 (2009) (upholding dismissal of negligent

20    misrepresentation claims based on RESPA and related Form 17 as seeking "economic damages

21    rather than redress for physical harm," even though harm was caused by landslide on subject

22    property).  Here, the injury complained of is foreclosure on the Property and thus, purely

23    economic damages are at issue.  Moreover, there can be no question that the relationship

24    between Plaintiff and Fremont, as the lender, is governed by contract.  Because none of the

25    narrow exceptions to the economic loss rule apply – there has been no personal injury or

26    property damage alleged in the Complaint – Plaintiff's common law claims are limited to

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 18
Case No. C09-0040 JCC

1    contractual remedies and his causes of action for negligence, negligent misrepresentation, and

2    gross negligence must be dismissed.

3         Accordingly, Fremont is entitled to summary judgment with respect to Plaintiff's fourth,

4    sixth, and eighth causes of action, as well as all other causes of action premised upon common

5    law disclosure claims, i.e. inadequate disclosure, concealment, and constructive fraud.

6    **E.    <u>Plaintiff's Concealment Cause of Action Must Fail.</u>**

7         Plaintiff's seventh cause of action alleges concealment.  Specifically, Plaintiff claims that

8    (1) defendants failed to disclose the fact that Plaintiff did not qualify for the loan, (2) defendants

9    knew or should have known that the mortgage payments would ultimately increase such that

10   Plaintiff would be unable to pay them, and (3) defendants failed to disclose all elements of the

11   Loan.  The undisputed evidence directly contradicts each of the above allegations.

12        Plaintiff's complaint is unclear with respect to the cause of action being asserted –

13   specifically, Plaintiff appears to be creating a cause of action based on the allegations of non-

14   disclosure asserted elsewhere in the Complaint. But Fremont knows of no stand-alone tort of

15   "concealment" under Washington law and to the extent that Plaintiff is attempting to allege

16   fraudulent concealment, such claim would be an element of Plaintiff's constructive fraud cause

17   of action.

18        But even assuming that a cause of action for "concealment," without regard to the

19   elements of fraud, exists, the evidence here directly disproves each of Plaintiff's allegations

20   regarding non-disclosure.  It is undisputed, for example, that Fremont delivered all of the

21   necessary disclosures to the Plaintiff.  Dial Decl., Ex. A, 59:8-12 (Plaintiff received "everything

22   that related with the loan."), 63:8-64:16 (Plaintiff received the Notice of Right to Cancel), 64:16,

23   65:14-24 (Plaintiff received the Disclosure Statement), 83:12-15, 84:2-6 (admitting that he

24   signed and received the required disclosures); Valdez Decl., ¶¶ 5-10, Exhs. 1-5.   And the

25   disclosures made the variable rate feature of the Loan clear – including an explanation of

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 19
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   possible, future increases.  Valdez Decl., Exh. 1.[3]  Moreover, there is no evidence that Plaintiff

2   did not qualify for the loan based upon the information provided by his broker.  Indeed, Plaintiff

3   admits that his income was sufficient to make the mortgage payment at the time the Loan was

4   obtained.  Dial Decl., Ex. A, 53:4-14.  Plaintiff, not Fremont, was in the best position to

5   determine his ability to pay.  Accordingly, Fremont is entitled to summary judgment with respect

6   to Plaintiff's seventh cause of action.

7   **F.     <u>Plaintiff's Failure To Restrain The Sale Waived Plaintiff's Claims.</u>**

8          After transferring the Loan, Fremont had no involvement with Plaintiff or the new

9   servicer and was in no way involved with the later-defaulted loan or the foreclosure that occurred

10  in 2009.  As such, Plaintiff's third cause of action, which relates to the notice of default, is

11  improper.  Moreover, Plaintiff did not move to restrain the sale, which operates as a waiver of

12  Plaintiff's claims.

13         Specifically, Plaintiff alleges that the notice of default is void and, therefore, requests a

14  determination that defendants did not posses the legal authority to proceed against Plaintiff on

15  the Property.  He also seeks rescission and damages for his other theories.

16         There is no dispute, however, that after Fremont made its required disclosures and the

17  loan funded, Fremont subsequently sold the Loan.  Fremont does not currently own the Loan,

18  and did not own the Loan at the time foreclosure was initiated on the Property.  Mr. Larson

19  defaulted on his obligations to other parties, who completed a foreclosure.

20         If Plaintiff wanted to halt a trustee's sale under Washington's Deed of Trust Act, RCW

21  61.24.130, and challenge his loan, he was required to obtain a preliminary injunction or

22  temporary restraining order.  *Plein v. Lackey*, 149 Wn.2d 214, 228, 67 P.3d 1061 (2003).  The

23  statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure

24  has begun with receipt of the notice of sale and foreclosure."  *Cox v. Helenius*, 103 Wn.2d 383,

25  _____
26  [3] Even assuming improper disclosure, Plaintiff cannot establish proximate cause because the
    rates did not increase prior to the 2009 foreclosure.

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 20
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51052239.1

1  388, 693 P.2d 683 (1985). When a borrower fails to successfully invoke presale remedies under

2  the Deed of Trust Act, his claims arising from the underlying obligation secured by the

3  foreclosed deed of trust are forever barred. *Brown v. Household Realty Corp.*, 146 Wn. App.

4  157, 171, 189 P.3d 233 (2008).[4] Accordingly, Fremont had no involvement with the Notice of

5  Default but, even if it did, Plaintiff failed to pursue the proper remedies and waived any claims

6  arising from the underlying obligation secured by the deed of trust. As such, Fremont is entitled

7  to summary judgment with respect to all of Plaintiff's claims, including his third cause of action.

8  **G.    Plaintiff's Constructive Fraud Cause Of Action Must Fail.**

9          Plaintiff's fifth cause of action alleges that he has been the victim of constructive fraud

10  perpetrated by the defendants, which resulted in his inability to "satisfy the terms of the loan and

11  to payoff and redeem the loan." Complaint, ¶ 75. But fraud is never presumed. *Beckendorf v.*

12  *Beckendorf*, 76 Wn.2d 457, 462, 457 P.2d 603 (1967); *see also* Fed. R. Civ. P. 9(b) (in pleading

13  fraud, a party must state with particularity the circumstances constituting the alleged fraud).

14  Under Washington law, a plaintiff is required to establish each of the nine elements of fraud by

15  <u>clear</u>, <u>cogent</u>, and <u>convincing</u> evidence: (1) a representation of an existing fact; (2) its

16  materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5)

17  his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity

18  on the part of the person to whom it is made; (7) the latter's reliance on the truth of the

19  representation; (8) his right to rely upon it; and (9) his subsequent damage. *Stiley v. Block*, 130

20  Wn.2d 486, 505, 925 P.2d 194 (1996). The absence of <u>any</u> element is fatal to the Plaintiff's

21  claim. *Puget Sound Nat'l Bank v. McMahon*, 53 Wn.2d 51, 54, 330 P.2d 559 (1958) ("All the

22  ingredients must be found to exist. The absence of any one of them is fatal to recovery.").

---

25  [4] Recent amendments to the Deed of Trust Act do not apply, as they are not retroactive and the
trustee's sale occurred several months before the amendments' effective date of July 26, 2009.

26  *Moon v. GMAC Mtg. Corp.*, 2009 WL 3185596, n. 4 (W.D. Wash. Oct. 2, 2009).

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 21
Case No. C09-0040 JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51052239.1

1    Here, Plaintiff cannot establish the nine elements of fraud and, accordingly, Fremont is

2    entitled to summary judgment.  Plaintiff has not identified any false, material communication

3    made by Fremont.    The only vague allegation contained in the Complaint is Plaintiff's

4    conclusory assertion that the following six items were falsely or misleadingly communicated:

> (1) the annual percentage rate to be charged for the Loan, (2) the
> finance charges for the loan, (3) the amount financed, (4) the total
> payments, (5) the increase to the principle balance, or (6) the
> payment schedule.

7    Complaint at ¶ 72 (a)-(f).  Yet Plaintiff fails to explain how they were false or misleading.

8    Moreover, any such allegations are conclusively disproved by the disclosures themselves.

9    Valdez Decl., Exhs. 1-5.   Contrary to Plaintiff's conclusory allegations of fraud, the TILA

10   disclosures set forth all of the above information in clear and concise terms.   None of the

11   information provided was false or misleading.  Moreover, the projected loan terms outlined in

12   the various disclosures were based upon information about the Plaintiff that Plaintiff's mortgage

13   broker – which is currently not a defendant in this action – provided to Fremont.  Based on these

14   facts, Plaintiff cannot demonstrate that any of Fremont's communications were false; all

15   communications with Plaintiff were made in good faith based on the information Fremont was

16   provided by his broker.

17       To the extent Plaintiff can demonstrate some false statement by Fremont, Plaintiff is also

18   required to show evidence that Fremont had <u>knowledge</u> of the falsity.  There is no evidence to

19   support the conclusion that Fremont made a false statement, much less that it did so with

20   knowledge.

21       Similarly, to successfully prosecute a claim for fraud, Plaintiff would be required to show

22   he lacked knowledge of the supposed falsity.  Yet Plaintiff had all of the same documents and

23   information as Fremont about the terms of his loan and also understood his own financial

24   situation.   As such, Plaintiff could not show ignorance of falsity, even if there was some

25   misstatement identified by Plaintiff.

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 22
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1         Similarly, Plaintiff cannot show justifiable reliance on any misstatement (again, there

2    were no misstatements).  Plaintiff executed the loan documents, which speak for themselves, and

3    therefore, Plaintiff did not justifiably rely on anything from Fremont.

4         Finally, the undisputed evidence demonstrates that Plaintiff cannot establish the ninth

5    element of fraud as a matter of law: damage resulting from Fremont's alleged fraudulent acts or

6    omissions.  Any harm incurred was caused by Plaintiff's own default, not on his justifiable

7    reliance of any statement made by Fremont.  Plaintiff liked the Fremont loan, and he performed

8    his obligations under the loan until his unforeseen medical condition caused him to default.

9         In short, Fremont fulfilled all of its duties and obligations by providing the required

10   disclosures to the Plaintiff.  Dial Decl., Ex. A, 59:8-12, 65:14-24, 83:12-15; Valdez Decl., Exhs.

11   1-5.  It is undisputed that Fremont disclosed the likelihood that it would sell the Loan after

12   closing.  Dial Decl., Ex. A, 108:10-109:2; Valdez Decl., ¶ 9, Ex. 4.  None of Plaintiff's

13   allegations have anything to do with the actions taken by Fremont in connection with the Loan.

14   Dial Decl., Ex. A, 106:24-107:24 ("Fremont was beautiful … the loan was perfect."), 109:6-

15   111:9 ("I never had a problem with Fremont.").  And any damage suffered by Plaintiff was the

16   result of his failure to pay his mortgage.  *Id.* 87:20-89:1 (Plaintiff admits that he defaulted on the

17   loan due to his own health issues).  Because there is no genuine issue of material fact with

18   respect to the required elements of Plaintiff's fraud claim, Fremont is entitled to summary

19   judgment.

20                 **VI.**    **CONCLUSION**

21        For all of the foregoing reasons, an order granting summary judgment in favor of

22   Fremont, and dismissing all claims against Fremont with prejudice, should be entered.  A

23   proposed form of Order is submitted herewith.

24

25

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 23
Case No. C09-0040 JCC

51052239.1

1    DATED this 10th day of February, 2010.

2                                    FOSTER PEPPER PLLC

3

4                                    /s/ Neil A. Dial
                                     Neil A. Dial, WSBA #29599
5                                    Rodrick J. Dembowski, WSBA #31479
                                     Telephone: 206-447-4400
6                                    Facsimile: 206-447-9700
                                     Email: Dialn@foster.com
7                                    Email: Dembr@foster.com
                                     Attorneys for Defendant Fremont Reorganizing
8                                    Corporation, f/k/a Fremont Investment & Loan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FREMONT REORGANIZING CORPORATION'S
MOTION FOR SUMMARY JUDGMENT – 24
Case No. C09-0040 JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51052239.1