Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHEYE LARSON,

    Plaintiff,

v.

FREMONT INVESTMENT & LOAN,
DEUTSCHE BANK NAT'L TRUST CO., *et al.*,

    Defendants.

C09-0040-JCC

**ORDER**

    This matter comes before the Court on the motion for summary judgment of Defendants Deutsche Bank National Trust Company, Morgan Stanley Capital Group, and Mortgage Electronic Registration Systems (Dkt. No. 32), and the motion for summary judgment of Defendant Fremont Investment & Loan. (Dkt. No. 37). Plaintiff has failed to respond to either motion. For the reasons explained below, the Court GRANTS both motions, and thereby DISMISSES with prejudice all claims against Defendants Deutsche Bank National Trust Company, Morgan Stanley Capital Group, Mortgage Electronic Registration Systems, and Fremont Investment & Loan.

ORDER, C09-0040-JCC
Page 1

## I. BACKGROUND

This case deals with a mortgage-loan dispute. Plaintiff's complaint alleges that several corporate defendants violated several different state and federal consumer-protection laws, including the Washington State Consumer Protection Act and the Federal Truth in Lending Act. (Complaint (Dkt. No. 3-2)). Plaintiff commenced this action in December 2008 in King County Superior Court. Defendants removed the matter to this Court on January 9, 2009. (Notice of Removal (Dkt. No. 1)).

Plaintiff has failed to diligently prosecute this matter from the very beginning. On October 1, 2009, Defendant Argent Mortgage Company moved for summary judgment. According to the Local Rules of the Western District of Washington, Plaintiff's response brief was therefore due October 19, 2009. *See* Local Rules W.D. Wash. CR 7(d) (outlining motion deadlines). Plaintiff failed to respond until October 23, 2009, when he filed a brief explaining that he had confused the deadline with the date of deposition. (Resp. (Dkt. No. 28)). In large part because Plaintiff represents himself *pro se*, this Court accepted Plaintiff's late submission. It availed him little, however: The Court granted Defendant Argent Mortgage's motion for summary judgment on February 2, 2010. (Order (Dkt. No. 36)).

Plaintiff's lack of diligence continues today. Defendants Deutsche Bank, Morgan Stanley and Mortgage Registrations Systems filed their motion for summary judgment on January 28, 2010; Defendant Fremont Investment filed its motion for summary judgment on February 10, 2010. According to the Local Rules, Plaintiff's response briefs were therefore due on February 16, 2010, and March 1, 2010, respectively. *See* Local Rules W.D. Wash. CR 7(d). Rather than submitting response briefs, Plaintiff submitted a motion for an extension of time (Dkt. No. 40), which this Court granted. (Dkt. No. 44). The Court re-noted the motions for March 19, 2010, which means that Plaintiff's response briefs were due on March 16, 2010. That date passed two weeks ago, and Plaintiff has still failed to file a responsive pleading to the motions for summary judgment.

//

ORDER, C09-0040-JCC
Page 2

## II. LEGAL STANDARDS

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A party need not offer evidence of its own to prevail on a motion for summary judgment. Instead, a party may move for summary judgment by pointing to an *absence of evidence* with respect to its opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating that there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim"). Once a moving party has met its burden by pointing to such an absence of evidence, a burden shift occurs, and the non-moving party "must present evidence that there is indeed a genuine issue for trial." *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005).

Under the Local Rules of the Western District of Washington, a party has an obligation to respond to a motion for summary judgment. In relevant part, the Local Rules provide: "If a party fails to file papers in opposition to a motion, *such failure may be considered by the court as an admission that the motion has merit*." Local Rules W.D. Wash. CR 7(b)(2)(emphasis added).

## III. DISCUSSION

The Court is confronted with two thorough and well-supported motions for summary judgment. Each motion moves claim-by-claim through Plaintiff's complaint, presenting strong arguments why summary judgment is appropriate for each of Plaintiff's many claims. Defendants both also submit many different declarations and exhibits supporting their arguments. For example, Defendants Deutsche Bank, Morgan Stanley, and Mortgage Registration Systems submit a copy of a Truth-in-Lending disclosure statement which outlines the relevant loan terms (Dkt. No. 34-5), a document outlining the adjustable-rate feature of the mortgage loan (Dkt. No. 34-6), and a notice of Plaintiff's right to cancel the loan within three days. (Dkt. No. 34-13). All three documents bear Plaintiff's signature. The motion

of Defendant Fremont Investment is equally well-supported: In addition to submitting the same documents offered by the aforementioned three defendants, Defendant Fremont Investment also submits a copy of the adjustable-rate note which Plaintiff signed as part of the mortgage-loan process (Dkt. No. 39-3 at 15–18), and a copy of a letter mailed to Plaintiff on February 9, 2007, which shows that Fremont Investment sold the mortgage loan to Saxon Mortgage Services. (Dkt. No. 39-3 at 46–47).

Plaintiff offers no response whatsoever to these well-supported motions. For this Court, Plaintiff's failure to respond constitutes an admission that Defendants' motions have merit. *See* Local Rules W.D. Wash. CR 7(b)(2). This leaves the Court with no choice but to grant Defendants' motions for summary judgment.

## IV.   CONCLUSION

The Court hereby GRANTS the motion for summary judgment of Defendant Deutsche Bank National Trust Company, Morgan Stanley Capital Group, and Mortgage Electronic Registration Systems. (Dkt. No. 32). The Court also GRANTS the motion for summary judgment of Defendant Fremont Investment & Loan. (Dkt. No. 37). The Court hereby DISMISSES with prejudice all claims against Defendants Deutsche Bank National Trust Company, Morgan Stanley Capital Group, Mortgage Electronic Registration Systems, and Fremont Investment & Loan.

SO ORDERED this 5th day of April , 2010.

JOHN C. COUGHENOUR
United States District Judge